IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHARLES HOLMES,               §
TDCJ No. 2297970,             §
                              §
          Plaintiff,          §
                              §
V.                            §          No. 3:20-cv-3642-S-BN
                              §
HUTCHINS,                     §
                              §
                              §
          Defendant.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Charles Holmes, a Texas prisoner, brings this *pro se* civil rights action related to conditions at the Hutchins State Jail, located in this district. *See* Dkt. No. 3. The Court has referred his case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint without prejudice to Holmes's filing within a reasonable period of time to be set by the Court an amended complaint that cures, where possible, the deficiencies outlined below.

**Legal Standards**

Under the Prison Litigation Reform Act (the PLRA), where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is

frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections

to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Section 1915A(b)(1), Section 1915(e)(2)(B)(ii), or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the IFP statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir.

2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its

- 4 -

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Accepting Holmes's plausible factual allegations as true, as the Court must at this stage, he alleges that, while incarcerated at the Hutchins State Jail, he was given dirty laundry containing bugs that "damaged [his] skin hurt [his] flesh [and] sent [him] to hospital." Dkt. No. 3 at 3. He further alleges that "medical department would not help [him] due to Covid 19 [and] blamed it on mental health." *Id.*; *see also id.* at

4 ("While at Hutchins State jail all of a sudden I started having a skin problems I stated complaining to medical department I started realizing it was bug eating at my flesh I began to scratch dig and pick at my skin I tried to sow medical the insects they [indecipherable] that I was pulling bugs off and out of my skin said I was being delusional referred me to [psych] doctors to cover up and hide the truth I have scared up and damages my akin and appearance." (spelling corrected for clarity)).

First, insofar as Holmes as sued Hutchins, the jail at which he was incarcerated, the jail "is not a separate legal entity subject to suit and therefore not a proper defendant in this case." *Lindley v. Bowles*, No. 3:02-cv-595-P, 2002 WL 1315466, at *2 (N.D. Tex. June 12, 2002). These findings, conclusions, and recommendation alert Holmes to this deficiency, and the Court should allow him leave to amend his complaint to cure this deficiency, as well as, where possible, those noted below. *See Johnson v. Dallas Police Dep't*, No. 3:13-cv-4537-D, 2014 WL 309195, at *2 n.2 (N.D. Tex. Jan. 28, 2014) ("*Pro se* plaintiffs who name a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action." (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993))).

Next, even if the Court forgives the jural-entity deficiency, Holmes has not alleged a plausible constitutional violation.

The Eighth Amendment requires prison officials to provide "humane conditions of confinement" with due regard for inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825, 832, 837 (1994). To show a violation, inmates must prove that they were exposed "to a substantial risk of serious harm" and "that prison officials acted or failed to act with deliberate indifference to that risk." *Carlucci v. Chapa*, 884 F.3d 534,

- 6 -

538 (5th Cir. 2018) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). The presence of a substantial risk is an objective inquiry. *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019). Deliberate indifference, however, is subjective; it requires a showing that prison officials had actual knowledge of a risk and disregarded it. *Id.* Knowledge may be inferred from the circumstances, particularly where the risk is obvious. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002).

*Valentine v. Collier*, 978 F.3d 154, 162-63 (5th Cir. 2020).

"Deliberate indifference is an extremely high standard to meet." *Domino v. TDCJ*, 239 F.3d 752, 756 (5th Cir. 2001). And, to survive screening, Holmes must allege facts that show, or from which the Court may infer, "'that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Valentine*, 978 F.3d at 163 (quoting *Gobert*, 463 F.3d at 346); *see also Young v. McCain*, 760 F. App'x 251, 257 (5th Cir. 2019) (per curiam) ("To establish an Eighth Amendment violation, the prisoner must demonstrate that the conditions of his confinement were 'so serious as to deprive prisoners of the minimal ... measure of life's necessities, as when it denies the prisoner some basic human need,' and further, that the responsible prison officials acted with deliberate indifference to the prisoner's health or safety." (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995))).

Here, Holmes has not alleged that prison officials ignored his complaints. He specifically alleges that they referred him for psychiatric help.

But, even if Holmes's allegations meet the subjective prong of the analysis, they do not show "objectively that the [alleged] deprivation was sufficiently serious that it deprived him of the minimal level of life's necessities." *Busby v. Avalon*

*Transitional Corr. Facility*, No. 3:12-cv-3868-B, 2012 WL 6755396, at *3 (N.D. Tex. Dec. 13, 2012) ("Nor has Plaintiff suggested that the conditions resulting in the bug bites constituted the type of persistent 'extreme deprivation' necessary to establish an Eighth Amendment violation. *See Davis v. Scott*, 157 F.3d 1003, 1004-06 (5th Cir. 1998) (finding no conditions-of-confinement violation where plaintiff was placed in a 'filthy' cell with 'blood on the walls and excretion on the floors and bread loaf on the floor')."), *rec. accepted*, 2013 WL 28486 (N.D. Tex. Jan. 2, 2013).

## Recommendation

The Court should dismiss this action without prejudice to Plaintiff Charles Holmes's filing within a reasonable period of time to be set by the Court an amended complaint that cures, where possible, the deficiencies outlined above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 16, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE