IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES HOLMES, | § | |
| TDCJ No. 2297970, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3642-S-BN |
| | § | |
| HUTCHINS, | § | |
| | § | |
| Defendant. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Charles Holmes, a Texas prisoner, filed this *pro se* civil rights action related to conditions at the Hutchins State Jail, located in this district. *See* Dkt. No. 3. The Court has referred his case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

Accepting Holmes's plausible factual allegations as true, as the Court must at this stage, he initially alleged that, while incarcerated at the Hutchins State Jail, he was given dirty laundry containing bugs that "damaged [his] skin hurt [his] flesh [and] sent [him] to hospital." Dkt. No. 3 at 3. He further alleged that "medical department would not help [him] due to Covid 19 [and] blamed it on mental health." *Id.*; *see also id.* at 4 ("While at Hutchins State jail all of a sudden I started having a skin problems I stated complaining to medical department I started realizing it was bug eating at my flesh I began to scratch dig and pick at my skin I tried to sow medical the insects they [indecipherable] that I was pulling bugs off and out of my skin said I

was being delusional referred me to [psych] doctors to cover up and hide the truth I have scared up and damages my akin and appearance." (spelling corrected for clarity)).

On December 16, 2020, the undersigned entered findings of fact and conclusions of law recommending that, because Holmes failed to sue a jural entity and, moreover, failed to allege a plausible Eighth Amendment violation, particularly as to the deliberate-indifference prong, the Court should dismiss the complaint without prejudice to Holmes's filing within a reasonable period of time to be set by the Court an amended complaint that cures, where possible, the deficiencies outlined [Dkt. No. 6] (the Initial FCR).

While the Initial FCR remains pending, Holmes has now filed an amended complaint, his one amended complaint as a matter of course, *see* FED. R. CIV. P. 15(a)(1), naming defendants other than the jail but reurging the same claims in substance, *see* Dkt. No. 7.

Pertinent to the Court's efforts to discern Holmes's claims – and supporting the undersigned's initial assessment that Holmes has not plausibly alleged deliberate indifference – Holmes attaches to (and thus incorporates into) his amended complaint administrative grievances that he filed related to the current claims and responses to those grievances. *See id.* at 6-9; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (pleadings in the Rule 12(b)(6) context include attachments to the complaint).

A grievance response dated October 15, 2020 provides:

A review of the Step 1 medical grievance has been completed regarding your complaint of having problems with your skin. You report the laundry officers and the offenders are putting ticks all over your body from head to toe which are eating you alive and used to harm you. Also, you state the offenders and officers are trying to kill you.

An appellate review of your medical grievance and clinical records show on 08/13/2020, you were seen for your complaint of skin sores, bump, infection and cuts on face, neck, back, arms and chest. You were prescribed Triamcinolone cream and Coal Tar shampoo. On 09/15/2020, you were seen for your complaint of ticks in your skin. The documentation from this visit state you had sores to generalized areas of your body and had picked the skin off and placed it in a folded paper. You were prescribed Coal tar shampoo and Thera Derm body lotion. An expedite (within 30 days) referral was submitted to dermatology, On 09/23/20, your mental health assessment indicated you were self-picking sores all over body, having delusional thinking there are ticks, bugs/worms coming out of your body and crawling you're your heart and other organs. Your chart review indicates you have been missing doses of your medication and you were advised by the mental health clinician of your need to comply better with taking your medications. On 09/25/2020, you were informed of that your medications were adjusted. On 10/02/2020 you stated you were feeling alright and voiced no issues with eating or sleeping and denied concerns with medications. You were prescribed Coal Tar shampoo, Thera Derm body lotion and Triamcinolone cream.

You have received care in accordance with Correctional Managed Health Care Policy Number: E-37.1. If your situation requires further evaluation, submit a Sick Call Request to the medical department.

Dkt. No. 7 at 9.

These amended allegations do not support a showing that prison officials were deliberately indifferent to Holmes's medical complaints and further supports a finding that he has failed to allege a plausible Eighth Amendment claim. "[U]nder governing precedent, [a plaintiff's] burden [as to an Eighth Amendment violation] is 'extremely high.' The Eighth Amendment does not mandate perfect implementation. And 'prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause.'" *Valentine v. Collier*, 978 F.3d 154, 165 (5th Cir. 2020)

(citations omitted).

For these reasons and for the reasons explained in the Initial FCR, and because Holmes has now amended his complaint to state his best case, the Court should dismiss this action with prejudice.

### Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 5, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE